# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **STACIE PETTINGILL**,<br><br>Plaintiff,<br><br>vs.<br><br>**THE CHERRINGTON FIRM, PLLC,** et al.,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:19-cv-565<br><br>Judge Clark Waddoups |
| **THE CHERRINGTON FIRM, PLLC,**<br><br>Cross Claimant,<br><br>vs.<br><br>**THRESHER PIANO MOVERS,**<br><br>Crossclaim Defendant. | |

On November 4, 2019, Plaintiff filed an Amended Complaint (ECF No. 6) against the named defendants and fifteen doe defendants,[1] asserting one claim under the Fair Debt Collection Practices Act (the "FDCPA Claim") and six under the Utah Consumer Sales Practices Act, the Utah Communications Fraud Act, and/or Utah common-law (the "State Law Claims"). Plaintiff asserts that the court has jurisdiction over the FDCPA Claim pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and has supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367.[2]

---

[1] Because the court does not have jurisdiction over the doe defendants, their being named in the Amended Complaint is of no consequence to the issues discussed, and the relief order, herein.

[2] Plaintiff also asserts that the court has diversity jurisdiction over this action but has not plead that

On December 23, 2019, Defendant/Cross Claimant The Cherrington Firm, PLLC ("Cherrington Firm") filed its Answer to the Amended Complaint and a Crossclaim against Defendant/Crossclaim Defendant Thresher Piano Movers ("Piano Movers"). (ECF No. 11). The Crossclaim, relying on supplemental jurisdiction (28 U.S.C. § 1367), asserts three state law claims against Piano Movers (the "Counterclaims").

On March 12, 2020, Plaintiff filed a notice that it has accepted Cherrington Firm's Rule 68 offer of judgment (ECF No. 16), and on June 22, 2020, the court entered Judgment against Cherrington Firm and in favor of Plaintiff.[3] The FDCPA Claim has therefore been resolved as to all parties before the court,[4] leaving only the State Law Claims and the Counterclaims in this action, which are all before the court on supplemental jurisdiction. Because the court no longer has a federal question before it, pursuant to 28 U.S.C, § 1367(c), it declines to exercise supplemental jurisdiction over the State Law Claims and the Counterclaims and therefore **DISMISSES** this action **WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** the above-captioned civil case.

DATED this 11th day of December, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge

---

diversity of citizenship exists or that over $75,000 is in controversy. *See* 28 U.S.C. § 1332.

[3] Cherrington Firm thereafter satisfied the Judgment, and on August 27, 2020, the court granted it relief from the same. (*See* ECF No. 20).

[4] *See supra*, note 1.